IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**August 6, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DAVID K.,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-501**   (Fam. Ct. Nicholas Cnty. Case No. FC-34-2024-D-1)

**TAWNYA C.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner David K.[1] ("Father") appeals the Family Court of Nicholas County's final order entered December 15, 2025, which suspended Father's visitation with the parties' child. Respondent Tawnya C. ("Mother") filed a summary response in support of the family court's order.[2] Father filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties were never married and share one child born in 2022. Father filed a petition on December 18, 2024, requesting to establish a visitation schedule with the child.[3] The family court held an initial hearing on Father's modification petition on January 29, 2025. The court found that Father had not seen the child since June 16, 2024, had entered an inpatient substance abuse treatment program, and was receiving counseling from Seneca Health Services. Mother objected to Father having parenting time due to his past substance abuse. The court found a period of reintroduction to be appropriate and granted Father supervised visits with the child for one hour per week, for one month and for two hours per

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is self-represented. Mother is represented by Jacob N. Snuffer, Esq., and D. Kaitlyn Snuffer, Esq.

[3] Father entered an inpatient substance abuse treatment program and had not visited the child since June 16, 2024.

week the next month. Mother would supervise the visits. The court ordered Father to submit to drug testing once per week.

The family court held a second status hearing on March 31, 2025. Father testified that he was no longer participating in any buprenorphine or other medication assisted substance abuse treatment but that his doctor told him he might test positive for up to a year following his last treatment. The court ordered Father to produce medical evidence at the next hearing in the form of a letter or testimony from a medical practitioner supporting Father's position that the levels of buprenorphine in his drug screens were consistent with his assertion that he was no longer ingesting the prescription medication. The court further ordered Father to undergo drug screening on Monday, Wednesday, and Friday each week and ordered the parties to continue the re-introductory parenting time schedule.

The family court held another hearing on June 2, 2025, during which Mother testified that the re-introductory supervised parenting time with Father was going well but objected to Father having increased parenting time. Mother had concerns with Father "nodding off" during his parenting time. The court ordered Father to continue drug testing each Monday, Wednesday, and Friday and to continue participating in therapy. The court further granted temporary parenting privileges for Father twice per week on Mondays and Wednesday from 2:00 p.m. until 5:00 p.m., supervised by Father's sister or brother-in-law.

The family court held another hearing on August 12, 2025. Father called pharmacist Ian Gladwell to testify. This witness testified that he had not reviewed the test results from Father's random drug screening, that Father could test positive for buprenorphine in varying amounts for as long as twenty-four months, and that once the detected values fell to zero that they should remain undetectable thereafter without additional exposure. Mother requested leave to hire an expert to interpret Father's test results. Father's sister and brother-in-law submitted a letter to the court stating that they could no longer supervise visits due to disagreements with Father. The court ordered that Father's parenting time should continue, supervised by Father's aunt or his mother, and that visits would not exceed six hours per week.

The family court held an additional hearing on October 14, 2025. Mother requested a continuance so that her expert witness would be able to testify. The court granted her request and further ordered that Father provide the court with documentation of all medication therapy he received since October 1, 2024. The court relieved Father of the requirement of supervised visits and modified his parenting time to each Monday from 11:00 a.m. to 4:00 p.m. The court ordered Father to make at least one appearance at his mother's home with the child during his scheduled visitation. The court also ordered Father to undergo drug screening every Monday and Tuesday.

The family court held a final hearing on December 5, 2025. The court took judicial notice of a domestic violence protective order filed against Father by his parents before

2

proceeding with testimony. Father testified that he had not completed the drug screens every Monday and Tuesday as ordered. Mother called expert witness Rodney Richmond to testify about Father's past drug screens. Mr. Richmond testified that he reviewed Father's drug screens and determined there were three occasions where Father's buprenorphine levels were at zero, and then other times thereafter that the levels were higher. Mr. Richmond testified that these results were consistent with continued sublocade/buprenorphine use. The family court found that the 50-50 presumption was rebutted and suspended Father's visitation based on Father's history of domestic violence and substance abuse issues. The court entered the final order from this hearing on December 15, 2025. It is from this order that Father now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

We must note at the outset that Father's brief fails to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure because it fails to contain an argument pointing to the law or authority relied on or "appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." As we have previously acknowledged, we cannot consider indecipherable arguments made in appellate briefs. *See Vogt v. Macy's, Inc.*, 22-ICA-162, 2023 WL 4027501, at *4 (W. Va. Ct. App. June 15, 2023) (memorandum decision) (citing *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (explaining that appellate courts frequently refuse to address undeveloped, perfunctory, or cursory arguments on appeal)). However, we have examined the briefs and the appendix record provided and we will address Father's assignments of error to the extent possible. *See Kevin D. v. Alexandria D.*, No. 23-15, 2024 WL 2946662, at *2 (W. Va. June 10, 2024) (memorandum decision).

On appeal, Father asserts four assignments of error, several of which are similar, or closely related, that we have consolidated where appropriate for efficiency and clarity of our review. Father makes several arguments alleging that the family court, Mother, Mother's attorney, and Mother's expert witness committed perjury. Father also alleges that

3

Mother, her attorney, her expert witness, and other parties involved in this matter submitted forged and/or false documents to the court.

We disagree. Upon review of the recordings of the multiple family court hearings held in this matter, we find that the allegations made by Father are not supported by the record. The allegations made by Father simply represent his disagreement with Mother's testimony and the testimony of her expert witness. Mother's expert witness testified that after reviewing all of Father's drug screens that Father has used controlled substances since his last reported medication assisted substance abuse treatment. The family court found the expert witness' testimony to be more credible than Father's. Additionally, Father fails to sufficiently cite to the record on appeal to support his allegations of perjury and providing false documents to the court. "On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E. 2d 657 (1973).

This Court cannot set aside a family court's factual findings "unless they are clearly erroneous." A finding is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Syl. Pt. 1, *In re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996). Under the clearly erroneous standard, an appellate court does not reweigh the evidence and cannot reverse a family court's findings simply because it may have viewed the evidence differently. *See Mulugeta v. Misailidis*, 239 W. Va. 404, 408, 801 S.E.2d 282, 286 (2017). The family court is entitled to deference to the extent that the family court relied on determinations it made of the parties' credibility. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). In the present case, Father has failed to show how the family court erred by relying on the testimony of Mother's expert witness.

Lastly, Father argues that the court erred by failing to test for "glucuronide metabolites" in his drug screens, as well as tampered with his drug screen results, and used his drug screens to wrongly imply that he was suffering from a drug addiction. Despite his assertions, Father fails to cite to the record below to demonstrate when he made these arguments or objected to the court's rulings on these issues, thus, preserving the alleged error for appeal. Upon our review of the record, we found no indication that Father had made any such objections or arguments before the family court. Accordingly, we decline to address these matters. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) ("Our general rule is that nonjurisdictional questions … raised for the first time on appeal, will not be considered.") (citations omitted). "While it is well established that courts must provide pro se litigants with certain accommodations, their appeals must still present cognizable legal reasons to justify setting aside a court's

ruling on appeal." *David M. v. W. Va. Dep't of Hum. Servs. Bureau for Child Support Enf't*, No. 24-ICA-217, 2024 WL 5003597, at \*4 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision).

We therefore conclude that Father's arguments fail to establish that the family court abused its discretion or clearly erred. As such, we find no basis in law to warrant relief now requested by Father.

Accordingly, we affirm the family court's December 15, 2025, order.

Affirmed.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White